UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID DEARMOND on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | CIVIL ACTION NO. _____ |
| Plaintiff, | § § | |
| v. | § § | |
| ALLIANCE ENERGY SERVICES, LLC, | § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT,
COLLECTIVE ACTION & JURY DEMAND

I. SUMMARY

1. Plaintiff David DeArmond and the employees he seeks to represent ("Class Members") are current and former employees paid on an hourly basis by Defendant Alliance Energy Services, LLC ("Defendant"). Defendant knowingly and deliberately failed to compensate Plaintiff and the Class Members at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek as required under the Fair Labor Standards Act ("FLSA").

2. Defendant violated the FLSA by failing to pay the Plaintiff and Class Members for all the overtime hours they worked by failing to pay any wages for pre-shift mandatory safety meetings. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as the Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

1

3. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

4. Plaintiff also prays that the class of similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II. SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business in this District and the violations took place while Plaintiff worked in this District.

## III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff David DeArmond is an individual currently residing in Tangipahoa Parish, Louisiana. Plaintiff's written consent to this action is attached hereto as Exhibit 1.

8. The Class Members are all current and former hourly paid operators of Defendant during the three year period prior to the filing of this Complaint to the present.

9. Defendant Alliance Energy Services, LLC is a domestic limited liability company. Defendant may be served process through its registered agent Roddy Boudreaux, 11095 Highway 308, Larose, Louisiana, or wherever he may be found.

10. Defendant is headquartered in Houma, Louisiana.

## IV.   FACTS

11. Defendant is a well service company that provides well cleanouts, well control, well logging, and other offerings to its clients in the oil and gas industry.

12. Defendant is organized into three principle divisions—the Coil Tubing Division, the Well Services Division, and the Wireline Division.

13. In each of Defendant's divisions, it employs hourly paid workers generally referred to as operators.

14. Plaintiff DeArmond worked for Defendant in its Coil Tubing Division as an hourly paid operator from approximately May of 2016 to January of 2017.

15. Operators like Plaintiff commonly work on rotation of several weeks on followed by a week off. During their "on" weeks, because work at an oil rig is an around the clock operation, operators are scheduled for 12 hour a day working shifts.

16. However, before Defendant's operators can begin their shifts, they are required to attend a safety meeting to discuss the plan for the upcoming shift and the potential risks the operators may face during that shift. These meeting generally last an hour.

17. Attendance at these safety meeting is mandatory and attendance at these safety meeting is an integral part of an operator's job.

18. However, Defendant does not consider attendance at the safety meetings to be work time and does not pay its operators for their attendance at the safety meetings.

19. As a result of not paying for these safety meetings, Defendant fails to pay for a significant number of overtime hours per week. Defendant schedules its operators to work seven day weeks, twelve hours a day—a schedule that equals 84 hours a week, or 44 overtime hours.

Because the operators are working so many hours, the safety meeting time Defendant treats as non-compensable is overtime.

20. For example, during a week when Plaintiff was paid for working seven twelve-hour shift (84 hours) but was required to attend seven hour long safety meetings, he should have been paid for 91 hours, not 84 hours. Additionally, he should have been paid for 51 overtime hours, not 44.

21. Defendant's failure to pay for safety meetings was a companywide policy that applied to dozens of operators throughout the country in the last three years.

22. None of the white-collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff or the Class Members because they were not paid on a "salary" basis or "fee" basis as required under in 29 U.S.C. § 213(a)(1).

23. Additionally, none of the other exemptions found under the FLSA are applicable to the Plaintiff or the Class Members.

24. Defendant's method of paying the Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

25. Defendant knew about the requirements to pay overtime but chose not to pay overtime to the Plaintiff and Class Members.

### V. CAUSES OF ACTION

VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

26. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

27. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime compensation.

28. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

29. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

30. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

31. Defendant has had an annual gross business volume of not less than $500,000 a year for the three years preceding the filing of this complaint.

32. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

33. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

34. Defendant's compensation scheme applicable to Plaintiff and the Class Members failed to comply with 29 U.S.C. § 207(a)(1).

35. In the three years prior to the filing of this Complaint, Defendant employed more than 20 employees who perform similar job duties as Plaintiff.

36. In the three years prior to the filing of this Complaint, Defendant employed more than 20 employees who held the same job title as Plaintiff.

37. In the three years prior to the filing of this Complaint, Defendant failed to compensate other employees for their attendance at the safety meetings prior to the start of their shift.

38. In the three years prior to the filing of this Complaint, Defendant failed to compensate at least 40 other employees for their attendance at the safety meetings prior to the start of their shift.

39. Employees complained to Defendant about its failure to compensate employees for their attendance at the safety meetings prior to the start of a shift.

40. Defendant knowingly failed to compensate Plaintiff and the Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

41. During all relevant times, Plaintiff and the Class Members were covered employees entitled to the above-described FLSA protections.

42. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. COLLECTIVE ACTION ALLEGATIONS

43. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

44. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all hourly paid operators employed by Defendant within the three (3) years preceding the filing of this Complaint to the present.

45. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

46. Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty. Plaintiff worked with other employees at multiple locations for Defendant.

47. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a day rate basis, and were denied overtime pay.

48. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

49. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

50. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to pay its employees on a day rate without overtime.

51. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

52. Class Members are not exempt from receiving overtime pay under the FLSA.

53. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

54. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

55. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

56. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

57. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendant's current and former hourly paid employees who attended a safety meeting during the three-year period prior to the filing of this Complaint to the present.**

## VII. WAGE DAMAGES SOUGHT

58. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

59. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages. 29 U.S.C. § 216(b).

60. Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA. 29 U.S.C. § 216(b).

## VII. JURY DEMAND

61. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff and Class Members hereby demand trial by jury.

## IX. PRAYER FOR RELIEF

62. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

By: */s/ John Neuman*
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560 (will apply for admission *pro hac vice*)
Beatriz-Sosa Morris
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154 (will apply for admission *pro hac vice*)
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

**AND**

By: */s/ Robert B. Landry, III*
Robert B. Landry, III (18998)
**Robert B. Landry III PLC**

5420 Corporate Boulevard, Suite 204
Baton Rouge, Louisiana 70808
Office: (225) 349-7460
Facsimile: (225) 349-7466
rlandry@landryfirm.com

**Attorneys for Plaintiff and Class Members**