UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID DEARMOND** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-2222** |
| **ALLIANCE ENERGY SERVICES, LLC** | **SECTION I** |

ORDER AND REASONS

Before the Court is plaintiff's motion to conditionally certify a collective action. *See* R. Doc. No. 15. For the following reasons, the motion is granted.

I.

The FLSA provides that an action to recover "unpaid overtime compensation . . . may be maintained against any employer . . . by any one or more employees for and [on] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). But the FLSA does not define "similarly situated" or otherwise explain how the certification of such collective actions should proceed.

There are two main lines of authority that prescribe different methods of determining whether a case may proceed as a collective action pursuant to § 216(b). *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). The first is known as "two-stage class certification," which was developed in a line of cases starting with *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and the second is referred to as "spurious" class certification, as typified by *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). Because the two-stage class certification procedure is routinely used by all sections of this Court, the Court finds that the

*Lusardi* procedure is appropriate in this case. *See also Wellman v. Grand Isle Shipyard, Inc.*, No. 14-831, 2014 WL 5810529, at *1-3 (E.D. La. 2014).

The Fifth Circuit has explained the typical *Lusardi* procedure:

Under *Lusardi*, the trial court approaches the "similarly situated" inquiry via a two-step analysis. The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action through discovery.

*Mooney*, 54 F.3d at 1213-14 (footnote omitted); *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010).

The second stage of the *Lusardi* procedure "is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." *Mooney*, 54 F.3d at 1214. Only the first stage is implicated by the instant motion.

The "lenient standard" at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). However, "[w]hile the standard at this stage is not particularly stringent, it is by no means automatic." *Lima v. Int'l*

2

*Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007) (internal quotation marks omitted).

"[A]n FLSA class determination is appropriate when there is a demonstrated similarity among the individual situations . . . [and] some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Xavier v. Belfor USA Grp., Inc.*, 585 F. Supp. 2d 873, 877-78 (E.D. La. 2008). That determination is usually made based on "the pleadings and any affidavits which have been submitted." *Mooney*, 54 F.3d at 1214.

## II.

At the outset, the Court observes that Alliance concedes that it failed to comply with the FLSA in at least some regards. As Alliance's own general counsel admits, hourly employees working on jobs "where the Alliance customer did not allow Alliance to charge time for" safety meetings were not paid for those safety meetings. R. Doc. No. 19-1, at 1 ¶ 3. So, given that concession, Alliance really does not have an argument that the policy or practice is purely personal to the plaintiff.

Instead, what Alliance tries to argue is that (1) the policy or practice is not widespread enough to justify a collective action; (2) Alliance's effectuation of a DOL supervised settlement, which included the mailing of checks to supposedly cure any payroll deficiencies, means that there are no longer any potential class members other than the named plaintiff; and (3) Alliance's unaccepted offer of judgment moots the case. Those arguments fail.

First, the mere fact that the policy or practice may not have affected every employee at Alliance is not enough, at the conditional certification stage, to bar conditional certification. *See Wellman*, 2014 WL 5810529, at *3 ("[A] court can foreclose a plaintiff's right to proceed collectively only if the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." (internal quotation marks)). Thus, though Alliance's argument may presage decertification of at least some potential class members, it does not provide a basis for denying certification now. *Cf. Lima*, 493 F. Supp. 2d at 799 ("[I]t seems appropriate to certify the collective action at this time and revisit the question later after some discovery. . . . The Court emphasizes that the record is incomplete, so this Court cannot make a definitive determination as to whether the putative class members are similarly situated. . . . After initial discovery has been conducted and the potential opt-in plaintiffs file their notices of consent, the Court will consider any motion filed by the Defendants to decertify the class." (internal quotation marks omitted)). For now, at least, plaintiff's complaint and affidavit, especially when considered in light of the declaration of Alliance's own general counsel, have demonstrated that the potential class members were the victim of an Alliance policy of not compensating Alliance offshore employees for safety meetings when the Alliance customer did not so permit. *See, e.g., Perkins v. Manson Gulf, L.L.C.*, No. 14-2199, 2015 WL 771531, at *3 (E.D. La. 2015).

Second, Alliance cannot rely on the fact that two of the present opt-in plaintiffs cashed checks sent to them by Alliance to establish that the named plaintiff is the

4

only individual with a remaining claim. Though Alliance claims that the settlement was supervised by DOL, it does not provide any indication that the checks were accompanied by any sort of DOL-approved waiver or that the Alliance employees had any idea of what they were cashing. *See, e.g.*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 307 (7th Cir. 1986) (Easterbrook, J.) (noting that the mere choice of employees to cash checks, without more, does not establish waiver of FLSA claim). Alliance provides the Court with no indication whatsoever that the plaintiff is the only employee left that still has a live FLSA claim against Alliance. Thus, the Court can reasonably expect—given plaintiff's complaint and accompanying affidavits—that there are other similarly situated employees who still have an FLSA claim.

Third, the unaccepted offer of judgment provided by defendant does not moot the case. *See, e.g.*, *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 315 (5th Cir. 2015) ("We conclude that the reasoning of the Ninth and Eleventh Circuits is more persuasive and therefore hold that an unaccepted offer of judgment to a named plaintiff in a class action is a legal nullity, with no operative effect." (internal quotation marks omitted)).

Accordingly, the Court finds that plaintiff has satisfied his limited burden at the conditional certification stage, and this case should proceed through discovery as a collective action.

**III.**

Beyond its objections to conditional certification at all, Alliance neither raises any specific arguments against plaintiff's proposed class definition—all current and former hourly offshore personnel who have been employed at any time by Alliance Energy Services, LLC within the past three years—nor challenges plaintiff's notice plan. Accordingly, the Court will conditionally certify the proposed class and approve plaintiff's notice plan.

**IV.**

Accordingly,

**IT IS ORDERED** that the motion for conditional certification is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court conditionally certifies this matter as a collective action under 29 U.S.C. § 216(b) with respect to all current and former hourly paid offshore employees who attended a safety meeting who worked for Defendant Alliance Energy Services, LLC at any location throughout the United States from three years prior to the date of this order to the present ("class members").

Defendant shall provide counsel for plaintiff with the names, positions, dates of employment, all personal addresses, telephone numbers (home and mobile) and all personal email addresses for the class members ("class list"). Defendant shall provide such information in a format, to be agreed upon by the parties, within ten days of the date of this order.

Plaintiff's counsel shall mail a copy of the "notice of rights" and "consent form" attached to their motion via regular U.S. Mail and via electronic mail to all persons

contained on the class list within ten days of receiving the class list. Simultaneous with the first mailing, plaintiff's counsel shall send a text message to the class members with a link to the notice of rights and consent form. Thirty days after the first mailing, plaintiff's counsel shall send a reminder notice consisting of the notice of rights and consent form via mail, email, and text message to all class members who have not opted into this case. Class members shall also be given the option to execute their consent forms electronically online. All consent forms shall be returned to plaintiff's counsel, who in turn will be responsible for filing them with the Court.

The class members shall have 60 days from the date of the mailing of the notice to file their notice of consent opting-in to this lawsuit as plaintiffs, unless good cause is shown to merit extending the deadline.

New Orleans, Louisiana, July 25, 2017.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE