## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement & Release ("Agreement") is entered into between **David DeArmond, Chad Fuller ("Plaintiffs")** and **Alliance Energy Services, LLC ("Defendant")** (collectively, the "Parties") as set forth below.

WHEREAS, Plaintiff David DeArmond ("DeArmond") filed a lawsuit against Defendant in the United States District Court for the Eastern District of Louisiana, styled *David DeArmond, On Behalf of Himself and on Behalf of All Others Similarly Situated v. Alliance Energy Services, LLC*; Civil Action No. 2:17-cv-02222 (the "Lawsuit"), wherein DeArmond claimed Defendant did not pay him, or similarly situated workers, overtime wages they were owed in alleged violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA");

WHEREAS, on July 26, 2017, the Court granted conditional certification in the Lawsuit, and thirty-two (32) additional individuals (referred to as the "Opt-in Plaintiffs") timely filed consents to join the Lawsuit;

WHEREAS, each consent form filed by the Opt-in Plaintiffs designates to the named plaintiff/s the ability to make decisions on his behalf including resolution of claims;

WHEREAS, on November 28, 2017, Plaintiff filed an Amended Complaint which added Plaintiff Chad Fuller ("Fuller") as a representative plaintiff along with DeArmond;

WHEREAS, DeArmond, Fuller, and the Opt-in Plaintiffs are hereinafter referred to collectively as the "Class Members";

WHEREAS, Defendant denies the allegations in the Lawsuit and denies that it engaged in any wrongdoing or violation of law. Defendant is entering into this Agreement because it will eliminate the burden, risk, and expense of further litigation. Except for purposes of this settlement, neither this Agreement nor any document referred to herein, nor the negotiations resulting in this Agreement, nor any action taken to carry out this Agreement, may be used or construed in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing, or liability, whatsoever. Defendant denies any fault, wrongdoing, or liability as alleged in the Lawsuit;

WHEREAS, bona fide disputes and controversies exist between the Class Members and Defendant as to the amount of damages;

WHEREAS, the Parties have agreed that attorneys' fees and cost incurred in this litigation shall be decided by Magistrate Judge Roby;

WHEREAS, DeArmond, Fuller and Defendant have negotiated a settlement of all claims and causes of action that the Class Members might now or in the future assert against Defendant or Defendant's respective past, present, and future predecessors, successors, subsidiaries, divisions, officers, directors, managers, employees, former employees, employee benefit plans and fiduciaries, shareholders, owners, representatives, attorneys, agents, and assigns (hereinafter

1

Exhibit 1

jointly referred to as the "Related Entities") arising from or relating to the claims in the Lawsuit with the exception of attorneys' fees and costs which will be decided Magistrate Judge Roby.

NOW, THEREFORE, DeArmond and Fuller, individually and on behalf of the Class Members, and Defendant hereby agree as follows:

1. Defendant agrees to provide the Class Members, and DeArmond and Fuller, on behalf of the Class Members, agree to accept, as full and final compromise, accord, and satisfaction, and settlement of all claims the Class Members may have against Defendant for the claims asserted in the Lawsuit, with the exception of the claims for attorney's fees and costs which will be briefed by counsel, and as consideration for other promises made by the Class Members in this Agreement, payment of the total gross amount of Fifty-Five Thousand Dollars ($55,000.00) ("Settlement Amount"), apportioned as described below.

2. Defendants will pay the Class Members the total sum of $55,000.00, apportioned by plaintiffs counsel as set forth on Exhibit A to this Agreement. Exhibit A represents the total unpaid wages and liquidated damages owed to the Class Members. David DeArmond will be paid a sum of $2,000.00 from the Settlement Amount as a service award for serving as class representative on behalf of the Class Members.

   2.a. Defendant shall mail the payments for the Class Members in accordance with Exhibit A to: Sosa-Morris Neuman, PLLC, 5612 Chaucer Drive, Houston, Texas 77005 by January 31, 2018 or seven (7) days after the Parties file, and the Court grants the Parties' Joint Motion for Approval of Settlement and the Lawsuit is dismissed with prejudice if the Court does not approve this settlement by January 31, 2018.

   2.b. The Parties agree that half of each Class Member's settlement payment will be characterized as unpaid wages, for which Defendant shall issue a W-2, and half of each Class Member's settlement payment will be characterized as liquidated damages for which Defendant shall issue a 1099.

   2.c. Defendant shall issue two checks to each Class Member, one for the net amount after withholdings for the portion of his settlement payment to be reported on a W-2 and one for the gross portion of his settlement payment to be reported on a 1099. Plaintiff's counsel will mail these checks to the individual Class Members.

3. The Parties agree that Magistrate Judge Roby will decide the issue of attorneys' fees and cost in this litigation pursuant to 29 U.S.C. §216(b). The parties agree to Magistrate Judge Roby's jurisdiction pursuant to 28 USC §636. The attorneys for Class Members will file a Motion to Approve Attorneys' Fees and Cost to which Defendant will respond and Class Members' Counsel will reply. The Parties have agreed not to appeal Magistrate Judge Roby's decision. Magistrate Judge Roby's order on attorneys' fees and cost will not be reduced by the Settlement Amount referenced herein of $55,000. Defendant has agreed to fund any award of attorneys' fees and cost granted in accordance with Magistrate Judge Roby's order within forty-five (45) days of the issuance of such order. Nothing in this agreement is intended to preclude or grant attorneys' fees and cost under the FLSA. Those

issues will be decided by Judge Roby.

4.  The Parties agree that they will promptly file with the Court a Joint Motion to Approve the Settlement Agreement as reasonable and to dismiss the Class Members' claims with prejudice in the Lawsuit after execution of this Agreement. The Parties will also take such other procedural actions as may be required to obtain Court approval of this settlement and dismissal of the Class Members' claims with prejudice. The Court will retain jurisdiction with regards to Plaintiffs' counsel's Motion for Attorneys' Fees and Costs and nothing herein shall be read to moot or grant the claims for Attorneys' fees and Costs. The resolution of any award of attorney's fees and costs pursuant to FLSA section 216(b) shall be left to Magistrate Judge Roby to who's decision the Parties agree not to appeal.

5.  DeArmond and Fuller agree, individually and on behalf of all Class Members (of whom they have authority to bind), that each Class Member is fully responsible for any and all taxes on the payments set forth in paragraph 1 of this Agreement. DeArmond and Fuller agree, on behalf of all Class Members, that Defendant has not provided any tax advice or other assurances to the Class Members about any future tax consequences for which any Class Member might be responsible under the Internal Revenue Code.

6.  For the consideration specified in paragraph 1, and for all other good and valuable consideration promised by Defendant to the Class Members in this Agreement, the Class Members knowingly, voluntarily, and intentionally agree to, and does, settle, release, waive, and forever discharges Defendant and/or Related Entities, jointly and severally, from any and all claims and causes of action, whether legal, equitable, or administrative, whether presently known or unknown, which they, their heirs, successors, and assigns may have now or in the future against Defendant and/or Related Entities, concerning any of the claims in the Lawsuit or any other claims arising out of their employment with defendant existing at the time of this settlement with the exception of attorneys' fees as described herein. The Class Members further agree not to file a lawsuit to assert such claims or causes of action, if any, except for claims for breach of this Agreement. This settlement, release, waiver and discharge of claims includes, but is not limited to those arising from:

> 6.a.  The Class Members' wages, back pay, any overtime wages which they allege or could have alleged, that they are owed, severance pay, future pay, bonuses, all other compensation, past and future employee retirement, health and welfare benefits, and all other employee benefits; and

> 6.b.  The Class Members' alleged actual damages, compensatory damages, and liquidated and unliquidated damages, expressly excluding attorney fees or costs which will be decided by Judge Roby.

7.  In addition to the Class Members' waiver, release, and discharge of all claims, the Class Members acknowledge the following:

> 7.a.  This Agreement is written in a manner calculated to be understood by the Class Members and they in fact understand the terms, conditions, and effect of this Agreement;

3

      7.b.    Class Members do not waive rights or claims that may arise after the date this Agreement is executed by DeArmond and Fuller;

      7.c.    DeArmond and Fuller, on behalf of themselves and others similarly situated, were advised to consult with an attorney prior to executing the Agreement, and they represent that they haves done so to the extent they so desire.

8.    DeArmond and Fuller, on behalf of all Class Members, recognize and agree that through this settlement Defendant is not admitting to, and specifically denies, any unlawful or wrongful conduct or liability in connection with the allegations referenced in the Lawsuit or otherwise. This Agreement or settlement is not evidence of any violation of or noncompliance with any statute, procedural rule, or law by Defendant.

9.    This Agreement is contractual, mutual, not a mere recital, and is a full and final settlement of any and all claims that all Class Members might have against Defendants, jointly or severally, relating to the claims in the Lawsuit, and shall be binding on each Class Members' heirs, assigns, and personal representatives.

10.    By execution hereof, DeArmond and Fuller represent, covenant, and warrant that they have authority to bind all Class Members to the terms of this Agreement, and that they have no claims, Lawsuit, or causes of action other than those described in the Lawsuit against Defendant and that no claims released or waived herein have been previously conveyed, assigned, or transferred in any manner, in whole or in part, to any person, entity, or other third party. DeArmond and Fuller, on behalf of the Class Members, specifically agree not to file any lawsuit against Defendant based on claims or facts which are, or could have been included, in the Lawsuit or file any complaints with the Department of Labor concerning any overtime or wage claim; however, Class Members are not waiving any right to participate in an investigation or proceeding conducted by, a government agency such as the EEOC or similar federal, state, or local government agency, but are waiving and releasing any damage remedy or recovery arising from such charge or complaint with respect to claims released in this Agreement. Notwithstanding any other provision of this Agreement, DeArmond and Fuller further understand and agree, on behalf of the Class Members, that: (a) Class Members are not in any way prohibited from reporting information to, or participating in any investigation or proceeding conducted by, the Securities and Exchange Commission ("SEC") or any other federal, state, or local governmental agency or entity; (b) Class Members are not in any way precluded from providing truthful testimony in response to a valid subpoena, court order, or regulatory request; and (c) nothing in this Agreement limits a Class Member's right to receive an award for information provided to the SEC.

11.    This Agreement constitutes the entire understanding the Class Members have with Defendant. No subsequent promises or agreements shall be binding unless they are in writing and signed by DeArmond and Fuller and Defendant. DeArmond and Fuller further warrants that he is not relying on any representations, oral or written, not contained in this Agreement.

12.    This Agreement shall be interpreted by, governed by, and enforced under the laws

of the State of Louisiana.

13. DeArmond and Fuller represent that they have thoroughly and carefully read this Agreement in its entirety, that they have discussed all aspects of it with counsel for the Class Members, that they had a reasonable and adequate time to consider its terms, that they are informed and understand the meaning and effect of this Agreement, and that DeArmond and Fuller are knowingly and voluntarily entering into this Agreement on behalf of themselves and the Class Members.

14. In case any one or more provisions or portions of this Agreement is determined to be invalid, illegal, or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

15. The Parties agree that this Agreement was drafted jointly by all parties and shall not be construed against any party as the drafter or primary drafter of the Agreement.

16. The Parties agree that this Agreement may be executed in multiple counterparts, identically worded, that each such counterpart shall constitute a single agreement between the Parties, and that a photocopy, facsimile, electronic mail, scan or other electronic copy of the signatures shall be the same as an original.

**DEARMOND AND FULLER UNDERSTAND, ON BEHALF OF ALL CLASS MEMBERS, THAT ONCE THEY SIGN BELOW, THIS DOCUMENT WILL BECOME A LEGALLY ENFORCEABLE AGREEMENT UNDER WHICH THEY AND THE OTHER CLASS MEMBERS WILL BE GIVING UP RIGHTS AND CLAIMS THEY MAY HAVE, ON THE TERMS STATED IN THIS AGREEMENT, PROVIDED THAT THE COURT DISMISSES THE LAWSUIT WITH PREJUDICE AND APPROVES THE TERMS OF THIS AGREEMENT.**

Agreed to and executed on this 18th day of January, 2018.

**Plaintiff David DeArmond, on behalf of himself and Class Members**

_____
David DeArmond

**Plaintiff Chad Fuller, on behalf of himself and Class Members**

_____
Chad Fuller

Agreed to and executed on this ____ day of January, 2018.

**Alliance Energy Services, LLC.**

By: _____

Printed Name: Jean-Paul Layrisson
Title: Attorney for Alliance Energy Services, LLC.

6

# EXHIBIT A

| Plaintiff | $ 53,000.00 | Award for Class Representative | Amount to be reported on 1099 | Amount to be reported on a W2 subject to witholdings |
|---|---|---|---|---|
| Andrew Bardales | $ 362.18 | | $ 181.09 | $ 181.09 |
| Bejamin Smith | $ 990.09 | | $ 495.04 | $ 495.05 |
| Cade Means | $ 1,461.04 | | $ 730.52 | $ 730.52 |
| Chad Fuller | $ 5,882.16 | | $ 2,941.08 | $ 2,941.08 |
| Cory Lacoste | $ 1,219.04 | | $ 609.52 | $ 609.52 |
| Dale Wood JR | $ 8,433.84 | | $ 4,216.92 | $ 4,216.92 |
| Dale Wood SR | $ 1,839.48 | | $ 919.74 | $ 919.74 |
| Daniel Hwang | $ 71.44 | | $ 35.72 | $ 35.72 |
| Darren Dearmond | $ 306.46 | | $ 153.23 | $ 153.23 |
| David Dearmond | $ 2,787.04 | $ 2,000.00 | $ 3,393.52 | $ 1,393.52 |
| David Mayeaux | $ 658.99 | | $ 329.50 | $ 329.49 |
| Donald Phillips | $ 724.35 | | $ 362.17 | $ 362.18 |
| Dustin Nichol | $ 803.65 | | $ 401.82 | $ 401.83 |
| Harold Rousell | $ 829.36 | | $ 414.68 | $ 414.68 |
| James Hoffman | $ 255.02 | | $ 127.51 | $ 127.51 |
| Jamie Quick | $ 71.44 | | $ 35.72 | $ 35.72 |
| Jose Corzantes | $ 101.27 | | $ 50.64 | $ 50.63 |
| Joseph Credeur | $ 867.94 | | $ 433.97 | $ 433.97 |
| Justin Matherne | $ 945.63 | | $ 472.82 | $ 472.81 |
| Keith Cotton | $ 622.03 | | $ 311.01 | $ 311.02 |
| Keith Werchan | $ 71.44 | | $ 35.72 | $ 35.72 |
| Kevin Pye | $ 8,629.54 | | $ 4,314.77 | $ 4,314.77 |
| Kevin Scott | $ 43.40 | | $ 21.70 | $ 21.70 |
| Lee Bertinot | $ 71.44 | | $ 35.72 | $ 35.72 |
| Loren Parfait | $ 788.64 | | $ 394.32 | $ 394.32 |
| Phillip Brabec | $ 2,101.28 | | $ 1,050.64 | $ 1,050.64 |
| Ryan Machen | $ 212.16 | | $ 106.08 | $ 106.08 |
| Rickey Bellanger | $ 318.24 | | $ 159.12 | $ 159.12 |
| Ronnie Bates | $ 1,232.26 | | $ 616.13 | $ 616.13 |
| Shannon Guidry | $ 71.44 | | $ 35.72 | $ 35.72 |
| Stephen Pellegrin | $ 7,555.31 | | $ 3,777.66 | $ 3,777.65 |
| Steve Williamson | $ 936.52 | | $ 468.26 | $ 468.26 |
| Tyrel Credeur | $ 1,735.88 | | $ 867.94 | $ 867.94 |
| TOTALS | $ 53,000.00 | $ 2,000.00 | $ 28,500.00 | $ 26,500.00 |