| | |
|---|---|
| **DAVID DEARMOND on behalf** | **CIVIL ACTION** |
| **Of Himself and on Behalf of all Others** | |
| **Similarly Situated** | |
| **VERSUS** | **NO: 17-02222** |
| **ALLIANCE ENERGY SERVICES, LLC** | **SECTION: "I" (4)** |

## ORDER

Before the Court is the **Plaintiff's Motion for Attorneys' Fees and Cost Pursuant To 29 U.S.C. § 216(b) and the Parties' Settlement Agreement (Rec. Doc. 71)**, seeking an order for the award of reasonable attorney's fees. The Defendant, Alliance Energy Services, LLC ("Alliance"), opposes the motion. Rec. Doc. 76. The motion was heard on the briefs.

## I.      Factual Summary

This collective action was filed pursuant to the Fair Labor Standards Act ("FLSA") in which the plaintiff, an oil field worker, and other similarly situated employees, sought compensation for attending mandatory pre-shift meetings. Rec. Doc. 56, p. 2. The defendant self-reported to the Department of Labor ("DOL") and concluded that it owed all of its employees a total of $43,382.38 in unpaid overtime, but no liquidated damages.

A settlement conference took place on January 4, 2018, which resulted in a settlement later that day. As a part of the settlement, the parties agreed to submit the issue of attorney's fees to the undersigned for resolution with a waiver of their right to appeal. Rec. Doc. 63, 70, 71-1. The settlement was approved by the District Judge. Now before the Court is the motion seeking reasonable attorney's fees originally in the amount $107,925 and costs in the amount $9,323.14 Rec. Doc. 71. However, the parties submitted further supplemental documentation for attorney

fees and cost reflecting an increase in the fees sought from $107,925.00 to $113,475 and cost which increased from $9,323.14 to $10,768.79 Rec. Doc. 79.

Alliance opposes the motion. Rec. Doc. 76. According to Alliance: (1) fees and costs are not owed; (2) fees and costs were not properly preserved in the pretrial order; and (3) the fees and costs requested are unreasonable. Alliance further denies plaintiffs' suggestion that it obstructed an earlier resolution. Rather, it contends that the lawsuit was brought with a primary purpose of trying to obtain attorney's fees.

## II.    <u>Standard of Review</u>

Under the FLSA, a prevailing plaintiff is entitled to a reasonable attorney's fee. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The Fifth Circuit uses the lodestar method to calculate an appropriate attorney's fee award under the FLSA. *See Saizan v. Delta Concrete Products Co., Inc.,* 448 F.3d 795, 799 (5th Cir. 2006). The "lodestar" is essentially the reasonable number of hours expended on litigation multiplied by a reasonable hourly rate. *See Strong v. BellSouth Telecommunications, Inc.,* 137 F.3d 844, 850 (5th Cir.1998).

"The most critical factor in determining an attorney's fee award is the 'degree of success obtained.'" *Singer v. City of Waco, Tex.,* 324 F.3d 813, 829 (5th Cir. 2003) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983)). Prevailing party status "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Hensley*, 461 U.S. at 436. "While a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *Singer*, 324 F.3d at 830 (quoting *Hollowell v. Orleans Reg'l Hosp., LLC*, 217 F.3d 379, 392 (5th Cir. 2000)). In a

lawsuit initiated under the FLSA, "an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced." *Singer*, 324 F.3d at 830 (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir. 1999)).

After calculating the lodestar, the Court may decrease or enhance the amount based on the relative weight of the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *See Saizan,* 448 F.3d at 800. The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases. *Von Clark v. Butler,* 916 F.2d 255, 258 n. 3 (5th Cir. 1990) (citing *Johnson*, 488 F.32d at 717-19).

The Court may use its "equitable discretion" to arrive at a reasonable fee award by eliminating certain hours related to unsuccessful claims or by reducing the fee award to account for plaintiffs' limited success. *Pruett v. Harris County Bail Bond Bd.,* 499 F.3d 403, 418 (5th Cir.2007). When a plaintiff achieves limited success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1048 (5th Cir. 1998). But "an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced." *Saizan,* 448 F.3d at 799.

In evaluating the ultimate "results obtained" by plaintiffs, this Court may also consider the success of motions decided during the course of the litigation and other factors, such as the social benefit of exposing defendants' activities. *See Louisiana Power & Light v. Kellstrom,* 50 F.3d 319 (5th Cir. 1995) (Evaluating the results obtained by plaintiffs based on factors tangentially related to plaintiffs' claims, such as social benefit of exposing racketeering activity).

In addition, plaintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002). Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. *See Saizan*, 448 F.3d at 799; *See also Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761,770. (5th Cir. 1996).

## III.  Analysis

### A.  Prevailing Party Status

The plaintiffs contend that they are prevailing parties because while the defendant believes that the $14,189.41 it paid directly to the collection action members via direct deposits and mailed checks with no explanation waived their claims for FLSA entirely.  However, the settlement in this matter achieved results whereby the thirty-two class members were able to get notice about their rights and receive $55,000.  *See* Rec. Doc. 64. The settlement amounts distributed to the claimants ranged from $8,629.54 to $43.40.  *See* Rec. Docs. 72, 74.  Counsel for plaintiffs contend

that the average settlement amount per claimant is $1,666.67, which is about 98 hours' worth of work for these opt-in in plaintiffs. Rec. Doc. 71-1.

Alliance contends that right after suit was filed it learned about the dispute wherein the claimants alleged that they were due overtime for the pre-work safety meeting. Alliance contends that it immediately sought the assistance of the DOL and self-reported any possible overtime issue and to assist in bringing its payroll practices of its newly acquired divisions in-line with the company's core business. Alliance states it paid the employees past and present as instructed by the DOL. Alliance, also at the instruction of the DOL, did not include the claim of Mr. DeArmond and instead dealt with his attorneys. According to Alliance, it wanted to treat its employees fairly, consistently, and avoid needless litigation, whether the payroll practices of the newly acquired divisions had been legally correct or not. Alliance further contends that although the DOL investigation was thorough it was later discovered that there were a few employees at one of the newly acquired divisions were also paid for what is referred to in the industry as "day rate" bonuses and which were not used in overtime calculations for safety meetings which was probably error because they are not actually bonuses but rather salary. Alliance states that once it learned of the error it agreed to pay, but not fight the issue, which might have eliminated the overtime dispute completely.

Alliance contends that there are valid exceptions to the award of attorney's fees by law and that if an exception is applicable the award of attorney's fees is not warranted. First, Alliance contends that it acted in good faith and because the safety meetings were pre-work and more for the protection of the employees then the company that the exception should apply. Second, Alliance argues that the meetings fall within an exception for *de minimus* time (15-30 minutes). Alliances contends that because these two exceptions apply attorney's fees are not owed at all, and

that while it settled the claim it did not concede the plaintiffs were prevailing parties. Finally, Alliance contends that plaintiffs' counsel failed to preserve their fee claim by not including it in the pretrial order.

The Fifth Circuit has held that "while a low damages award is one factor which a district court may consider in setting the amount of attorney's fees, this factor alone should not lead the district court to reduce a fee award." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 830 (5th Cir. 2003) (quoting *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000)). The Plaintiffs submit that in FLSA cases, it is not uncommon for attorney fee awards to exceed the amount of the judgment. *See Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 F.App'x. 341, 342 (5th Cir. 2007) ("Given the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples."). For example, in *Howe*, the Fifth Circuit affirmed an award of $129,805.50 in attorneys' fees where the damages award was $23,357.30. *Id.; See Lucio-Cantu v. Vela*, 239 F.App'x. 866, 868–69 (5th Cir. 2007) (affirming an award of $51,750 in attorneys' fees where the damages award was $4,696.79).

In *Saizan*, the Circuit Court held that, "where 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith.'" *Saizan*, 448 F.3d at 801. The Court in *Saizan* affirmed the reduction in attorneys' fees awarded. In doing so, the Fifth Circuit considered that the settlement agreement did not contain an admission of liability and that the plaintiffs had not convinced the court that they deserved overtime compensation, that the fluctuating work week method should be used to calculate damages, or that liquidated damages were owed. *Id.*

In this case, the amount the claim settled for the liquidated damages that were due as a result of the failure to pay for the pre-work safety meeting. While Alliance suggest that the good faith exception should apply to the determination of whether the plaintiffs prevailed, the Court finds that this argument is misplaced. The good faith exception applies to a determination of the applicability of the FLSA and not to the determination of whether the plaintiffs are prevailing parties. The Court finds that the plaintiffs are in fact prevailing parties. This determination is made by the undersigned after being intricately involved in the resolution of this matter and recalling the purpose behind the numbers used in formulating the appropriateness of the settlement. The district also approved the settlement and its terms.

**B.  Reasonable Hourly Rate**

Plaintiffs contend that their attorneys' hourly rates are reasonable. In support of their claim, they submit an affidavit from Attorney Robert B. Landry who opines that the hourly rate of $300 for both Beatriz Sosa-Morris and John Neuman are reasonable and are in-line with the New Orleans market. In further support of the application for attorney's fees, the plaintiffs submitted the declarations of the attorneys enrolled in this matter: Sosa-Morris and Neuman.

**1.  Beatriz Sosa-Morris Reasonable Rate**

Beatriz Sosa-Morris has been practicing law for over 5 years and has handled FLSA matters exclusively. She graduated *magna cum laude* from the South Texas College of Law and was a law review member. Sosa-Morris states that she has argued before the Fifth Circuit on FLSA exemption issues, prevailed on numerous conditional certification motions, motions regrading representative discovery, summary judgments on FLSA liability, and on misclassification and off-the-clock claims. Sosa-Morris states that she has settled millions of dollars in FLSA claims and that she is founding partner of Sosa-Morris Neuman, PLLC which was

established in January 2017.  Sosa- Morris contends that her requested rated of $300 is reasonable based upon her experience in FLSA matters and her educational background.

Alliance in contrast contends that Sosa-Morris' rate of $300 is excessive for the New Orleans market and that an hourly rate of $150 is more appropriate for someone with her years of experience.  In support of their position they submit the affidavits of Jean-Paul Layrisson and Krista M. Eleew. Layrisson, counsel for Alliance in this matter, states that he has 27 years of experience and that his hourly rate is $350.00.  He also states that his associate's rate in this market is $150.00 an hour and she has roughly the same years of experience as Sosa-Morris.

"Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that lions at the bar may command." *Hopwood v Texas*, 236 F.3d at 281 (quotation omitted) (5th Cir. 2000); *accord U.S. ex rel. Cook-Reska v. Cmty. Health Sys., Inc.*, 641 F.App'x 396 (5th Cir. 2016); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The relevant legal market is where the district court sits. The reasonable hourly rate for a particular community is generally established through affidavits of <u>other</u> attorneys practicing there, not the fee-seeker's attorney.  "Further, the court need not accept the requested rate–even where it is reasonable and within prevailing market rates–if the court explains why it used a different rate." *U.S. ex rel. Cook-Reska v. Cmty. Health Sys., Inc.*, 641 F.App'x 396 (5th Cir. 2016).

Accordingly, the prevailing market rates in New Orleans, Sosa-Morris's range of reasonable rates are from 185.00-$200.00 per hour. *See Gahagan v. U.S. Customs & Border Prot.,* No. 14-2619, 2016 WL 3090216, at *14 (E.D. La. June 2, 2016) ($200 per hour for attorney with 8 years of experience in immigration and Freedom of Information Act cases); *Gros v. New Orleans City*, No. 12-2322, 2014 WL 2506464, at *8 (E.D. La. June 3, 2014), *reconsideration granted in part on other grounds*, 2014 WL 3894371 (E.D. La. Aug. 8, 2014) ($185 per hour for associate

who has practiced for 6 years and $185 per hour for associate who has practiced for 5 years); *Calix v. Ashton Marine LLC,* 2016 WL 4194119 (E.D. La. July 14, 2016) (FLSA case where plaintiff's counsel had approximately 5 years of experience or limited experience in the field with no specialized training and reasonable rate of $200). After considering the experience level of Sosa-Morris, the cases in the relevant market, and the supporting affidavit, the Court finds that an hourly rate of $200.00 is reasonable.

### 2.  John Neuman

John Neuman has practiced law for approximately 6 years and is licensed in the Federal Court in Southern District of Texas, the Northern District of Texas, the District of Colorado and District of North Dakota. He has been admitted *pro hac* vice in the Eastern District of Louisiana, the District of Arizona, and Oklahoma (state court). He also practiced *pro hac vice* in the Southern District of New York, the Northern District of California, the Southern District of Ohio, the District of New Mexico, the Middle District of Pennsylvania and the Western District of Oklahoma.

Neuman graduated *magna cum laude* from the University of Houston Law Center. After law school he worked at Kennedy Hodges, LLP, where he primarily worked on the plaintiff's side of FLSA cases. In January 2017, he co-founded Sosa-Morris Neuman, PLLC, where his focus is on the plaintiff's side of FLSA litigation. Neuman billed at a rate of $300 per hour, which he contends Louisiana has approved in FLSA cases for attorneys over nine years ago. *See Johnson v. Big Lots Stores, Inc.,* 639 F. Supp.2d 696, 701-02 (E.D. La. 2009).

In support of Neuman's hourly rate, the plaintiffs submitted the affidavit of Robert Landry, an attorney in Louisiana with over 29 years of practice and an hourly rate of $400. Landry attests that he is a 1988 graduate of LSU Law Center where he earned his law degree. Landry spent fourteen years at Chaffe McCall, LLP, where he specialized in labor and employment litigation.

He attests he has had his own firm for approximately fifteen years and has represented both management and plaintiffs in labor and employment matters in New Orleans and Baton Rouge. Landry opines that because of his experience he is qualified to render an opinion as to the reasonable hourly rate of attorneys working on federal employment lawsuits in the New Orleans market and that the proposed rates of Sosa-Morris and Neuman are reasonable in this market.

The defendant contends that while Neuman's declaration establishes that he is a Texas lawyer admitted *pro hac vice* here and other places this fact adds little to his expertise. The defendant notes that Neuman's firm is one year old and he has been doing FLSA work for about five years, which does not support a claim for fees at double the market rate. The defendant contends that Mr. Landry's affidavit is illuminating because he has extensive expertise in labor law, has been practicing nearly 30 years, and his hourly rate is only $100 more than what he claims is reasonable for the Texas lawyers with 5 and 6 years of experience. The defendant suggests that this makes little sense.

While Landry attests that the proposed rate is reasonable, such a finding would not be consistent with the prevailing market rates in the New Orleans area. Furthermore, even Landry's affidavit suggests that $300 per hour is above the rate because he indicates that he has been working for 29 years and his hourly rate is $400. After review of the case law and the affidavit of Robert Landry, the Court finds that $200.00 is a reasonable rate for Neuman.

### 3.  Robert Landry

Robert Landry, the local counsel in this case, states that he is admitted to practice in Louisiana and all federal districts within the state. He is a graduate of the Louisiana State University Law Center. Before forming his own law firm, Landry worked fourteen years at Chaffe

McCall, LLP specializing in labor and employment litigation. He states that during that period he served as lead counsel in numerous cases before Louisiana State and Federal courts.

When an attorney's billing rate is not contested, it is *prima facie* reasonable. *La. Power & Light Co.v. Kellstrom,* 50 F.3d 319, 328 (5th Cir. 1995). Here, Alliance does not challenge the reasonableness of the rates charged by Landry. In fact, most of Alliance's opposition is devoted to rearguing the underlying facts of the case without regard to the issue at hand. The Court, therefore finds that the hourly rate of $400 requested by Landry is reasonable. Having determined the reasonable rates, the Court will proceed with analyzing the reasonableness of the time entries.

### C.  Calculating the Reasonable Hours Expended.

According to the time sheet, the plaintiffs' attorneys originally stated they billed a total of approximately 369.15 hours on this case and reduced it to 359.75 hours. Plaintiffs supplemented their application for the work post-settlement including their reply to the current motion which increased their billable hours to 378.25. However, neither in the original application nor the supplement is it clear which hours reflect the exercise of billing judgment. Counsel indicates that they eliminated several entries regarding numerous communications with local counsel, which apparently were not included on the time sheet. They also contend that they eliminated entries for organizing documents and filing documents via the Court's ECF system and saving and filing documents, all of which would not be compensable as they are administrative in nature.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 770 (5th Cir.1996) Attorneys must exercise "billing judgment" by excluding time that is unproductive, too much, duplicative, or inadequately documented when seeking fee

awards. *Id.* at 769. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston,* 831 F.2d 576, 585 n.15 (5th Cir. 1987).

Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley,* 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund,* 284 F.3d 642 (5th Cir. 2002).

The Plaintiffs contend that the time records for the attorneys involved provide concrete and reliable evidence of the reasonable time spent. Rec. Doc. 71-1. He also contends that his counsel has exercised billing judgment by eliminating several entries regarding numerous communications with local counsel, organizing documents in the case file, the filing of documents via the Court's ECF system, saving and filing documents, totaling approximately ten (10) hours as well as all the time billed by Landry. *Id.* Plaintiffs contend that counsel did not include any unproductive, excessive, or redundant hours in determining the appropriate amount of the attorney fee. *Id.* As a result, they contend that the full 378.25 hours should be awarded totaling $113, 475.00. *Id.*

Alliance contends that the timesheets they received are heavily redacted rendering them vague. Rec. Doc. 76. It contends that a huge amount of time spent and billed by Texas counsel were for travel to New Orleans for three settlement conferences that could have easily been handled by Louisiana counsel and who they contend is qualified to handle FLSA cases. Alliance also contends that plaintiffs' counsel logged a significant amount of time after the final settlement conference for trying to undo the settlement or have their erroneous interpretation of it enforced, which ultimately failed. As a result, Alliance contends that none of this time should be awarded.

Alliance was also correct that even the billing statements submitted to the Court were redacted. As a result, the plaintiffs were required to submit the unredacted time sheets to the court for it's *in camera* use.

### 1. **Block Billed Entries**

A review of the time entries indicate several of the entries were block billed, which is the practice of listing a group of tasks in a block summary under a single time entry and which is prohibited by the Lodestar.   There are 31.2 block billed hours reflected on the original time sheet.[1] There are 7.1 hours on the supplemental submission.[2] The method most often used to compensate for block billing is a flat reduction.  *See Delgado v. Village Rosemont,* No. 03 C 7050, 2006 WL 3147695, at *7 (N.D. Ill. Oct. 31, 2016). As a result, the block billed entries totaling 38.3 hours will be reduced by 25% reducing the hours billed to 28.725 hours.

### 2.  **Clerical/Administrative Entries**

Next, the Court notes that there are some clerical or administratively billed entries for calendaring dates and reviewing deposition invoices.  However, clerical or secretarial costs are part of an attorney's overhead and are usually reflected in the billing rate.  *Hagan v. MRS Assocs.,* No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2000) (citations omitted). When an attorney performs a clerical task, the opponent should not be charged the attorney's hourly rate. *White v. Imperial Adjustment Corp*., 2005 WL 1578810 (E.D. La. 2005). The submitted hours of 0.3 for Beatriz Sosa-Morris and John Neuman 1.9 are not compensable.[3]

---

[1] Beatriz Sosa-Morris (BSM) entries dated:  3/17/2017, 06/13/17, 06/20/17, 06/21/17, 07/07/17, 10/27/17, 10/31/17, 11/13/17, 12/01/17, 12/21/17, 12/28/17, 01/02/18, 01/02/18, and 01/02/18. John Neuman (JN) entries dated: 02/23/17 and 07/05/17, 12/19/17.

[2] BSM entry: 02/01/2018. JN entries: 02/05/2018 and 02/06/18.

[3] BSM entries: 07/26/17, 01/02/18, and 1/08/18. Neuman entries: 04/03/17 and 09/12/17.

**3. Travel Time**

Plaintiffs' counsel also seeks to recover for their travel time to court for participation in court proceedings, including multiple settlement conferences and the corporate depositions. Alliance contends that the lawyers should not be compensated because there was local counsel in the case. Alternatively, the defendant argues that they should not be compensated at the full billable rate.

The total number of hours sought for travel by Sosa-Morris is 36.5 hours and Neuman seeks 36 hours at the original rate of $300.00. However, the Court has already found that the reasonable rate is reduced to $200 per hour. *See* e.g. *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993); *Tasch Inc. v. Unified Staffing & Associates, Inc.*, No. 02-3531, 2003 WL 23109790, at *6 ( E.D. La. Dec. 30, 2003).

Further, attorneys are reimbursed at 50% of their normal hourly billing rate for travel time. *See Verizon Business Global LLC v. Hagen*, 2010 WL 5157193, at * 13 (E.D. La.2010) ("Attorney travel time should be compensated at a lower rate than legal work. Courts in this Circuit typically compensate travel time at 50% of the attorney's rate in the absence of documentation that any legal work was accomplished during travel time.") (citing *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993); *Jiminez v. Paw–Paw's Camper City, Inc.*, 2002 WL 257691, at *23 (E.D. La. Feb.22, 2002) (awarding attorney fees for travel time at one-half of normal hourly rate in employment discrimination case); *Paul v. CMC Mfg., Inc.*, 1998 WL 527102, at *2 (N.D. Miss. Aug.6, 1998) (travel time should be billed at one-half the hourly rate of the lawyer involved); *Jackson v. Capital Bank & Trust Co.*, 1994 WL 118332, at *26–27 (E.D. La. March 30, 1994)).

Plaintiffs seek reimbursement of their expense and time for travelling to this district to pursue the claim. Both counsel charged 6 hours for traveling to New Orleans on October 25, 2017.[4] However, given the flight distance from Houston to New Orleans the court awards 4 hours travel time for the settlement conference and corporate depositions at a reduced rate of $100.00 per hour.

The billing entry of October 26, 2017, indicates that both counsel billed 10 hours for attending the conference and returning to Houston.[5] Since the conference only took three hours, the court will compensate at the full rate of $200.00 for the three (3) hour conference equaling $600.00 per attorney and four (4) hours for the return trip to Houston at the reduced rate of $100.00 per hour. The billing entry also in parenthesis noted that the travel time took approximately four hours.[6]

Sosa-Morris travelled to New Orleans on November 16, 2017 and billed 12.5 hours.[7] Again consistent with the ruling above, Sosa-Morris will be compensated for the 4 hours of travel time to and from New Orleans at the hourly rate of $100.00.

Neuman travelled to New Orleans on December 3, 2017, and billed five (5) hours for travel to the second settlement conference in this matter.[8] Consistent with the ruling above, Neuman will be compensated from the four (4) hours of travel time at half the reasonable rate. On December 4, 2017, Neuman billed seven (7) hours for attending the settlement conference and returning to New

---

[4] Rec. Doc. 71-2, Entries 157 and 158.

[5] Rec. Doc. 71-2, Entries 159 and 160.

[6] *Id.*

[7] Rec. Doc. 71-2, Entry 193.

[8] Rec. Doc. 71-2, Entry 212.

Orleans.[9] Considering that 4 hours is reasonable for Neuman's travel from New Orleans, the remaining 3 hours are reduced to 1.5 hours, which is the time that the actual conference took.

Both Sosa-Morris and Neuman billed eight (8) hours for traveling to and from New Orleans for the pretrial conference and third settlement conference on January 4, 2018.[10] The settlement conference took 4.0 hours billed at their reasonable rate. Rec. Doc. 63. Each counsel will be compensated at the discounted travel rate for their travel time to and from the third settlement conference.

Therefore, Sosa-Morris is entitled to $1600 for her travel time (16 hours multiplied by $100 per hour) and Neuman is entitled to $2000 for his travel time (20 hours multiplied by $100 per hour).

### 4. Motion to Approve Settlement Agreement

Plaintiffs also seek to recover for time billed in drafting the motion to approve settlement agreement. The billing sheets contain a total of 3.9 hours for time associated with the subject motion.

The defendant contends that plaintiffs logged significant time after final settlement by trying to undo the settlement. However, plaintiffs were not successful in this quest challenging the terms of the settlement agreement. Plaintiffs who were unsuccessful and hours for their unsuccessful efforts are not reasonably recoverable. *Johnson v. Big Lots Stores, Inc.*, 639 F.Supp. 2d 696 (E.D. La. 2009). As a result, those 3.9 hours will not be awarded.

---

[9] Rec. Doc. 71-2, Entry 214.
[10] Rec. Doc. 71-2, Entries 253 and 254.

### 5. **Attorneys' Fees Totals**

| Attorney | Hours Billed | Reasonable Hrs | Reasonable rate | Total Reasonable Fees |
|---|---|---|---|---|
| Sosa-Morris | 188.45 | 156.9[11]<br><br>16 (Travel Hrs) | $200.00<br><br>$100.00[12] | $ 31,380.00<br><br>$   1600.00<br><br>_____<br><br>**$32,980.00** |
| John Neuman | 189.80 | 157.47[13]<br><br>20 (Travel Hrs) | $200.00<br><br>$ 100.00[14] | $31,495.00<br><br>$ 2,000<br><br>_____<br><br>**$33,495.00** |
| **Total awarded fee** | | | | **$66,475.00** |

### D. **Costs**

### 1. **Travel Costs**

Plaintiffs seek also to recover the costs incurred in this matter. They contend that pursuant to Title 28 USC § 1920 and the FLSA these are of the sort charged to a fee paying client. Plaintiffs originally billed cost at $9,323.14 but later supplemented cost to total approximately $10, 768.79. They contend that all of the costs are reasonable because they traveled to New Orleans for three mediations and two depositions even though there was local counsel available to assist with the

---

[11] This number is calculated as such: 188.45 hours billed-6.35 hours (block billed hours reduction)-.30 hours (admin hours)-3.9(m hours)-36.5 hours (total travel hours) +15.5 hours (reduced conference hours)-3.9 hours (motion to revise settlement) = 156.9 hours.

[12] Reasonable rate reduced by 50%.

[13] This number is calculated as such: 189.8 hours billed -3.225 hours (block billed hours reduction)-1.6 hours (admin hours)-36 (total travel hours) + 8.5 (reduced conference hours) = 157.475 hours.

[14] Reasonable rate reduced by 50%.

case. The plaintiff contends that they also had to take the deposition of the corporate representatives because they were needed to prosecute the FLSA claims.

The defendants oppose the awarding of some costs noting that the air fare averaging $500 is expensive and that the average costs of a flight from Houston is $250.00. Additionally the defendants challenge the administrative copying costs and the mediation meal of $222.59, which presumably would have included alcohol for two people.

The record indicates that on two occasions both counsel travelled to New Orleans. On two other occasions' one of the attorneys travelled to the New Orleans. The flight costs total $3,399.80.[15] The plaintiffs contend that their flight costs are reasonable because they traveled on Southwest Airlines, a budget carrier, and purchased business select tickets to avoid incurring nonrefundable charges in the event flights have to be changed.

In contrast, the defendants contend that the costs sought for the flight expenses are not reasonable to two reasons. First, that plaintiffs' Houston counsel are admitted to the court *pro hac vice* and therefore have a local counsel here in Louisiana who could have made the appearances rendering the two counsel from Houston unnecessary. Second, that the cost of the flights are excessive because defense counsel checked the cost of flights from Houston to New Orleans and a flight with no delay was $161.00 roundtrip. The average flight according to counsel for a same day round trip on various airlines range from $93-$393, but not the amount exceeding $500 rendering the reimbursement sought excessive.

"[E]xpenses and fees related to travel must be excluded from an award of attorneys' fees if 'the hypothetical reasonable client who wishes to spend the least amount necessary to litigate the

---
[15] Entries: 10/26/2017, Southwest Airlines, $1,127.92, for BSM and JN; 11/03/17, Southwest Airlines, $567.96, for JN; 11/16/2017, Southwest Airlines, $567.96, for BSM; 01/04/2018, Southwest Airlines, $1135.96, for BSM and JN.

matter ... would have retained local counsel.'" *U.S. ex rel. Feldman v. Van Gorp*, No. 03-CV-8135, 2011 WL 651829, at *3 (S.D.N.Y. Feb. 9, 2011) (quoting *Imbeault v. Rick's Cabaret Int'l Inc.*, No. 08-CV-5458, 2009 WL 2482134, at *8 (S.D.N.Y. Aug. 13, 2009)). This is a corollary to the "forum rule" that the reasonable hourly rate is derived from the forum in which the Court sits. *Harty v. Bull's Head Realty,* No. 11-CV-1760, 2015 WL 1064630, at *12 (D. Conn. Mar. 11, 2015).

There is no evidence that equally qualified local counsel was not available to participate in the settlement conferences nor the hearings. The plaintiffs offer no reason why local counsel was not used to decrease the cost of the litigation.  *Harty v. Par Builders, Inc.*, 2016 WL 616397 (S.D.N.Y., Feb. 16, 2018).  A reasonable client would not choose to pay travel fees and expenses for an out-of-state attorney while still paying a competent local counsel.   In fact the Court notes that in the application, plaintiffs tout the experience of local counsel Robert B. Landry, III, as an FLSA attorney with over 29 years' experience.

In fact Local Rule ("LR") 83.2.4 governing visiting attorneys  in this district provides that not only can *pro hac vice* counsel not be appointed without local counsel, but it also contemplates that they would be acting as co-counsel in this case with a member of the bar of this court.  Instead, once *pro hac vice* counsel was granted permission to practice as a visiting attorney in this case, the local attorney made not one appearance before the undersigned and there has never been any suggestion that he was unavailable.  In this application, *pro hac vice* counsel exercised its billing judgment by eliminating local counsel's time from the recovery. The local rule expressly states that local counsel is responsible to the court at all stages of the proceeding, nor does the designation of the visiting attorney as "Trial Attorney" pursuant to LR 11.2 relieve local counsel of the responsibilities.  The cost for both *pro hac vice* counsel to travel to New Orleans is disallowed.

The expenses also include four hotel stays totaling $690.57. Additionally there are two receipts for airport parking totaling $66.00. Plaintiffs also seek to recover $416.10 in ground transportation costs. [16] The plaintiffs also seek to recover $386.95 for meals. However there are no receipts so this expense will be disallowed. Therefore, the travel related costs of **$4,959.42** are disallowed.

## 2.  Administrative Expenses

The following remaining expenses are administrative in nature and are to be borne by the plaintiff's counsel: (1) anticipated mailing of settlement at 33 units for $330.00; (2) mail notice of rights at $5.00 for 240 units for $1200.00; (3) re-mail notice of rights to incorrect addresses at 50 units at $5.00 per unit for $250.00; (4) Texas Supreme Court Certificate of Sosa-Morris for her ability to become a visiting attorney in the amount of $20.00; (5) *pro hac vice* motions  in the amount of $200.00; and (6) administrative fees (printing for deposition, exhibits for motions, and some exhibits for trial) of about 2500 pages at .20 per page in the amount of $500. The total disallowed administrative expenses are **$2,500.00**.

## 3.  Court fee costs

The final category of costs also do not have any receipts accompanying the application. Counsel seeks to recover $400 for filing the lawsuit, $121.00 for service of process and $58 for the transcript of the settlement confirmation. Of these expenses, the Court will allow recovery for the filing of the lawsuit, **$400.00**, as the other items contain no verifiable receipts accompanying the cost request.

---

[16] Entries: 10/25/2017, Uber $33.85;  10/26/2017, Uber $33.85; 11/16/2017, Uber $36.85; 11/16/2017, Uber $8.05; 12/04/2017, Uber $4.00; 11/16/2017, Uber $3.00; 12/03/2017, Uber $36.61; 12/03/2017, Uber $23.32; 12/04/2017, Uber $25.39; 12/04/2017, Uber $34.00;  12/03/2017, Uber  $23.32;  01/04/2018,  Uber  $22.56; 01/04/2018, Lyft Ride  $18.13; 01/04/2018, Uber $33.09; 01/04/2018, Uber  $21.30; 01/04/2018, UberX  $22.56; 01/12/2018, Uber $36.12; Total-$419.00.

### 4.    Deposition, Mailing to Prospective Opt-in Plaintiffs and Settlement Costs

During the course of the litigation several depositions were taken.  For example, the Stratos Legal Paralegal transcript cost for the deposition of Ryan Joseph Vestal, and Alliance Energy services is in the amount of $954.65.[17]  Additionally, there is an invoice for a deposition of Eric Luis Trosclair of Alliance Energy Services in the amount of $310.50.[18]  The deposition expenses total **$1, 265.15** and will be allowed.

The plaintiffs also seek to recover $180.50 mailing notice to prospective opt-ins.  While the costs for his expense was not originally submitted, it was later included in their reply to the opposition and therefore the **$180.50** will not be allowed because it is administrative.   The **total cost awarded equals $1,665.15.**

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Attorney's Fees and Costs Pursuant to 29 U.S.C. 216(b) and the Parties' Settlement Agreement (Rec. Doc. 71)** is **GRANTED.**  The Plaintiffs are awarded **$66,475.00** in Attorney's Fees and **$1,665.15** in Costs to be paid by the Defendant **no later than 30 days after the signing of this order.**

New Orleans, Louisiana, this 1st day of June 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[17] Rec. Doc. 71-2, p. 37.

[18] *Id.* at p. 38.